NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GWENDOLYN SMITH,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant - Appellee.

No. 23-3220

D.C. No.
2:22-cv-01537-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 6, 2024
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Gwendolyn Smith appeals the district court's affirmance of the denial of her

Social Security disability insurance application. We reverse and remand.

1. The ALJ provided "specific and legitimate" reasons for discounting the

opinions of Dr. Briggs, Dr. Bhalla, and Dr. Steingart. *Trevizo v. Berryhill*, 871 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

664, 675 (9th Cir. 2017). Dr. Bhalla began seeing Smith six months after her disability insurance coverage ended. There is no indication in Dr. Bhalla's records that Smith's lupus began (or had any limiting effects) while she was still insured. In this context, the ALJ's determinations that Dr. Bhalla failed to otherwise explain the limitations he assessed Smith to have and that Dr. Bhalla's examination records did not support his assessment were legitimate reasons to discount his opinion. Similarly, Dr. Briggs saw Smith only *after* her date last insured. The ALJ legitimately reasoned that Dr. Briggs's single assessment was inconsistent with many other observations by treating providers during the insured period. Finally, as the ALJ noted, the limitations Dr. Steingart assessed in 2014 appear inconsistent with both Dr. Steingart's conclusion that Smith could work an eight-hour day and Smith's statements to a different doctor. These reasons for discounting Dr. Steingart's assessment are specific and legitimate.

2. The ALJ erred, however, in rejecting Smith's testimony about the extent of her pain. Smith presented objective medical evidence of impairments which the ALJ concluded could be expected to cause pain. Smith testified that she had trouble sitting, standing, walking, and lifting as a result of these impairments and her pain. The ALJ's determination that Smith was capable of performing light work—work that can "require[] a good deal of walking or standing, or . . . involve[] sitting most of the time," 20 C.F.R. § 404.1567(b)—is necessarily a rejection of Smith's

2

testimony about the extent of her symptoms and limitations. To reject a claimant's symptom testimony in this manner, an ALJ must give "specific, clear, and convincing reasons." *Ferguson v. O'Malley*, 95 F.4th 1194, 1197–98 (9th Cir. 2024).

The ALJ's reasons for rejecting Smith's symptom testimony were not specific or clear; we therefore need not address the "convincing" prong, and consider only whether the credibility finding was supported by substantial evidence.

a. *Effective Treatment:* The ALJ was correct that some of Smith's treatment for headaches was effective. But the ALJ's reliance on Smith's improvement with opioid painkillers was not supported by substantial evidence. Smith testified about pain she experienced *while using* these painkillers.

b. *Activity Levels:* The record also does not support the ALJ's statement that Smith's pain improved with increased activity levels. The statement in the record the ALJ relied upon was generic advice rather than advice specific to Smith.

c. *Daily Activities:* Although the ALJ noted that Smith's daily activities, including several trips, "illustrate greater functional abilities than alleged," the ALJ's reasons for so concluding are not specific or clear. The ALJ did not identify which activities were inconsistent and did not clearly explain why the activities were inconsistent with Smith's testimony regarding her limitations.[1] *Ferguson*, 95 F.4th

---

[1] The ALJ did suggest that Smith's drive to Flagstaff was inconsistent with Dr. Steingart's assessment, although the ALJ did not specifically conclude that this

at 1203.

d. *Failure to Seek Treatment:* Finally, the record before the ALJ does not support the ALJ's reliance on a gap from 2017 to 2019 in Smith's records of treatment for pain. The treatment records show that in January 2019, Smith *re*filled the prescription for medication she was "currently taking" and felt was "efficacious in controlling [her] pain." And Smith had in late 2018 been prescribed Narcan, a medication for reversing opioid overdoses, indicating that she was taking opioids at that time. In any event, it is "inappropriate to factor against [a claimant's] symptom testimony that she declined to take prescribed narcotics," because patients cannot be expected to "take any prescribed pain medications, regardless of their addictive or dangerous qualities, simply to avoid being found to have exaggerated pain." *Trevizo*, 871 F.3d at 680 n.8.

In sum, "the ALJ improperly rejected the claimant's testimony as to the severity of [her] pain." *Ferguson*, 95 F.4th at 1199 (cleaned up). As a result, "substantial evidence does not support the ALJ's . . . assessment." *Id.* at 1204. We therefore reverse and remand with instructions that the district court remand to the

---

drive was inconsistent with Smith's own testimony about her symptoms. Without more, the fact that Smith drove to Flagstaff would not be substantial evidence that her symptom testimony was not credible. Smith might have stopped along the way, but the ALJ did not ask whether she did and instead simply concluded that the drive would have been "difficult" if her limitations were as assessed. Smith also reported to her treating doctor that she experienced increased pain when she returned after the drive.

Commissioner for proceedings consistent with this disposition. As Smith recognizes, further development of the record is warranted; this is therefore not a case in which remand for an immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Smith's separate motion to remand is denied as moot.

**REVERSED and REMANDED.**